UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KERI MULLINS,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-0609 (JMA)

**FILED**
**CLERK**

10/20/2021 2:16 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

    Before the Court is the renewed *in forma pauperis* application filed by *pro se* plaintiff, Keri Mullins ("Plaintiff"), (ECF No. 9), in accordance with the Court's May 13, 2021 Order that denied the initial application without prejudice and with leave to renew upon completion of the AO 239 Long Form *in forma pauperis* application ("Long Form"). (*See* ECF No. 4.) For the reasons that follow, her request for *in forma pauperis* status on the Long Form is denied. Plaintiff is directed to remit the $402.00 filing fee within fourteen (14) days in order to proceed with this case.

    To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hosp. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court. *Pinede v. New York City Dep't of Envtl. Prot.*, No. 12-CV-

06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases). The Court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's renewed application reflects that, although she is unemployed and has no cash or money in a checking or savings account, she resides at 64 Newton Avenue in Selden, New York yet includes no expenses for rent or a mortgage, property insurance or real estate taxes, or home maintenance. (ECF No. 9 at ¶¶ 5, 8.) Further, her only reported income is child support in the sum of $50.00/week (*Id.* ¶ 1). Plaintiff reports total regular monthly expenses in the sum of $1,191.00 for items including food, transportation, clothing, laundry/dry cleaning, and utilities, of which $950.00 are paid by "DSS."  (*Id.* at ¶ 8.) Plaintiff reports having one dependent child. (*Id.* ¶ 7.) Plaintiff has left blank the space that asks for "any other information that will help explain why you cannot pay the costs of these proceedings." (*Id.* ¶ 11.)

Given plaintiff's reported financial position and residence, it appears that Plaintiff is supported by another. Accordingly, because Plaintiff's application reflects that she has access to sufficient resources to pay the Court's filing fee, plaintiff does not qualify for *in forma pauperis* status. *See Wrenn v. Benson*, 490 U.S. 89, 90 n.4 (1989) (*per curiam*) (denying leave to proceed *in forma pauperis* based on review of information contained in the supporting affidavit of indigency); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citation omitted). In addition, "'[i]f it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to

2

weigh the financial constraints posed if he pursues [his position] against the merits of his case,'' then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting Fridman, 195 F. Supp. 2d at 537). Plaintiff's declaration establishes that she can pay the filing fee and still have the necessities of life. *Adkins*, 335 U.S. at 339.

Accordingly, plaintiff's motion to proceed *in forma pauperis* is denied. Plaintiff is directed to pay the filing fee within fourteen (14) days of the date of this Order. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: October 20, 2021
Central Islip, New York

                                                          /s/ (JMA)
                                                 JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE